UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ONECOM, LLC, a Delaware limited
liability company,

    Plaintiff,

v.                                                                                      Case No.:

ONE INC. SOFTWARE CORPORATION,
a Delaware corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, One Inc. Software Corporation ("One Inc."), pursuant to 28 U.S.C. §§ 1441 and 1446, removes this action from the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal and this Court's jurisdiction, One Inc. states:

**I.    Introduction and Procedural Background**

1.    The Complaint in the action styled *Onecom, LLC, a Delaware limited liability company, v. One Inc. Software Corporation, a Delaware corporation*, Case Number 21-010146 CA 21, was filed in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida on or about April 28, 2021.

2.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Summons, Notice of Service of Process, and Complaint are attached hereto as **Exhibit 1-1**, **Exhibit 1-2**, **and Exhibit 1-3**, **respectively**, and are incorporated herein by this reference.

3. The United States District Court for the Southern District of Florida, Miami Division is the federal court district and division in which the state court action was filed.

4. The Complaint purports to state a cause of action for fraudulent inducement.

5. As the Notice of Service of Process reflects, One Inc. received the Complaint not earlier than May 3, 2021.  Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within 30 days after the receipt by One Inc., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6. Removal to this Court is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because, as shown below, this Court has diversity jurisdiction.

7. In removing this action, One Inc. does not intend to waive any rights or defenses to which it is entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13.

8. One Inc. is filing a copy of this Notice with the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida as required by 28 U.S.C. § 1446(d).

9. One Inc. is also serving a copy of this Notice upon all adverse parties as required by 28 U.S.C. § 1446(d).

**II.   Analysis**

10. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

  **A.**  **The Amount in Controversy Is in Excess of $75,000.00.**

  11.  The allegations of the Complaint of Plaintiff, Onecom, LLC ("Onecom") demonstrate that the alleged amount in controversy exceeds $75,000.00.

  12.  The Complaint arises out of a claim that One Inc. fraudulently induced Onecom to purchase the assets of a third party, Cardplatforms, LLC ("CP"). See Complaint ¶¶ 18-30.

  13.  Onecom alleges that in reliance on One Inc.'s alleged representations, Onecom purchased the assets of CP for $1,230,000.00. Complaint ¶ 30.

  14.  Onecom further alleges that in reliance on One Inc.'s alleged additional representations, which were supposedly made after Onecom purchased the CP assets, Onecom spent approximately another $900,000.00 supporting CP's Blu Box technology platform. Complaint ¶ 38.

  15.  Then, Onecom claims that it would not have purchased the assets of CP, and would not have spent additional money and resources supporting CP's Blu Box technology platform, but for the alleged intentional misrepresentations and material omissions made by One Inc. Complaint ¶¶ 48-49. Onecom then claims that it has suffered actual damages as a result of these alleged false representations and omissions. Complaint ¶ 50.

  16.  Accordingly, Onecom is claiming damages in this action of at least $2,130,000.00.

  17.  Therefore, for the purposes of 28 U.S.C. § 1332, the matter in controversy exceeds the sum or value of $75,000.00.

  **B.**  **The Action Is Between Citizens of Different States.**

  18.  The pleadings and papers in this matter also demonstrate that this action is between citizens of different States.

19. Onecom alleges that it is a Delaware limited liability company. Complaint ¶ 2.

20. But, "[t]he citizenship of an LLC is the citizenship of each member." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221 (11th Cir. 2017); accord Jiangmen Benlida Printed Cir. Co. v. Circuitronix, LLC, No. 21-60125-CIV, 2021 WL 230178, at *1 (S.D. Fla. Jan. 22, 2021) ("[I]n the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. … A limited liability company is a citizen of any state of which a member is a citizen. … To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship." (internal citations omitted)).

21. Onecom also alleges that "[a]ll of the members of Onecom reside in Florida." Complaint ¶ 4.

22. However, "'residence alone is not enough' to establish diversity jurisdiction … Citizenship is separate and apart from residency; for purposes of diversity jurisdiction, it is equivalent to domicile, which 'requires both residence in a state and an intention to remain there indefinitely.'" SMK Assocs., LLC v. Lorali, Inc., No. 14-CV-61460, 2014 WL 11776946, at *1 (S.D. Fla. Dec. 9, 2014) (quoting Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013)).

23. Moreover, Onecom's use of the term "reside" implies that all of Onecom's members are individuals who reside in Florida.

24. "For an individual, citizenship is determined by domicile, and it is well established that '[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent

therefrom.'"  Cordell Funding, LLLP v. Jenkins, 722 F. App'x 890, 894 n.2 (11th Cir. 2018) (modification in original) (internal citation omitted)).

25. Given this case law, the parties' counsel communicated in an attempt to establish the citizenship and domicile of Onecom's members.  A true and correct copy of email communications between the parties' counsel is attached hereto as **Exhibit 2** and is incorporated herein by this reference.

26. Onecom's attorney has indicated that it is his understanding from his client that Onecom has two members, both of whom are individuals and both of whom are citizens of and/or domiciled in Florida.

27. Further, on June 1, 2021, counsel for Onecom provided counsel for One Inc. with the Declaration of Jeffery Foster ("Foster Declaration"), a true and correct copy of which is attached hereto as **Exhibit 3** and incorporated by reference herein, in which Mr. Foster—the CEO of Onecom—states that "[a]ll of Onecom's members are … citizens of Florida."  Ex. 3 ¶ 4.

28. That same date, One Inc.'s counsel asked Onecom's counsel to confirm that the statement concerning the citizenship of Onecom's members in the Foster Declaration, which was filed on April 3, 2021in a case pending in the United States District Court for the Northern District of Texas, remain true today, to which confirmation followed.  A true and correct copy of these communications is attached hereto as **Exhibit 4** and is incorporated herein by this reference.

29. Thus, based on the allegations of the Complaint, the representations of counsel, and the Foster Declaration, One Inc. has a good faith basis to assert that Onecom is a citizen of the State of Florida for purposes of diversity jurisdiction.

30. Further, Onecom alleges that One Inc. is a Delaware corporation with its principal place of business in California. Complaint ¶ 3.

31. Because 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," One Inc. is deemed to be a citizen of both the State of Delaware and the State of California for purposes of diversity jurisdiction.

32. Accordingly, Onecom and One Inc. are "citizens of different States" as contemplated by 28 U.S.C. § 1332(a)(1).

## III. Conclusion

Because, as shown above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b).

WHEREFORE, One Inc. removes this action to the United States District Court for the Southern District of Florida, Miami Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ☒ U.S. Mail; ☐ Facsimile; ☒ E-Mail; ☐ Overnight Courier; and/or ☐ Hand Delivery on June 2, 2021 to:

Andrew M. Feldman, Esq.
Florida Bar No. 161969
AFeldman@FeldmanLawOffices.com
Neil D. Kodsi, Esq.
Florida Bar No. 11255
NKodsi@FeldmanLawOffices.com
Feldman Law
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156

Telephone: (305) 445-2005
*Attorneys for Onecom, LLC*

           /s/ Michael P. Silver
           MICHAEL P. SILVER
           Florida Bar No. 868701
           Primary Email:   msilver@shutts.com
           Secondary Email: doneal@shutts.com
           SHUTTS & BOWEN LLP
           4301 West Boy Scout Boulevard, Suite 300
           Tampa, Florida 33607
           Telephone:   (813) 229-8900
           Facsimile:   (813) 229-8901
           *Attorneys for One Inc. Software Corporation*