ONECOM, LLC, a Delaware limited
liability company,

      Plaintiff,

v.

ONE INC. SOFTWARE CORPORATION,
a Delaware Corporation,

      Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 21-010146 CA 21

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ONECOM, LLC, a Delaware liability company, sues Defendant, ONE INC. SOFTWARE CORPORATION, a Delaware corporation for damages, and in support thereof states:

### JURISDICTIONAL STATEMENT; THE PARTIES; VENUE

1. This is an action for damages that exceeds THIRTY THOUSAND ($30,000.00) DOLLARS, exclusive of interest and costs.

2. Plaintiff, ONECOM, LLC (hereinafter "Plaintiff" or "Onecom"), is a Delaware limited liability company.

3. Defendant, ONE INC. SOFTWARE CORPORATION (hereinafter "Defendant" or "One Inc.") is a Delaware Corporation with its principal place of business in California.

4. All of the members of Onecom reside in Florida.

5. Both Plaintiff and Defendant do business in Florida.

6. The actions undertaken by Plaintiff that are the subject matter of this action and which were taken based on the fraudulent inducement alleged herein, were undertaken in Miami-Dade County, Florida.

7. This Court has jurisdiction over the parties to this action.

8. Venue is proper before this Court.

## FACTS GIVING RISE TO CAUSE OF ACTION

9. On February 6, 2020, Onecom purchased the assets of non-party, Cardplatforms, LLC ("CP"), a Florida limited liability company.

10. As set forth more fully herein, Onecom's decision to purchase the assets of CP was based almost exclusively on representations made to Onecom by One Inc.

11. One Inc. provides insurance companies a digital payments platform designed to increase retention, decrease administrative expenses, and mitigate data security risk – while simplifying compliance.

12. The One Inc. Digital Payments Platform manages billions of dollars per year in premiums and claims payments.

13. Prior to February 6, 2020, One Inc. had a business relationship with CP which began in 2017.

14. CP and One Inc. had teamed up to issue virtual and physical prepaid cards as part of ClaimsPay, One Inc's Digital Claims Payments product.

15. One Inc. teamed up with CP because of the flexibility and security of CP's Blu Box™ technology platform which allowed One Inc. to deliver payments to its insurance company clients and their customers in a more effective manner.

16. In 2019, CP began having financial difficulty and its assets were eventually foreclosed upon by non-party Ellis Lake, LLC.

17. When CP's assets were foreclosed upon in late 2019, Defendant was desperate to find a suitable purchaser for those assets so that Defendant could continue to profit from its use of CP's Blu Box™ technology platform.

18. In the latter quarter of 2019, One Inc. learned that Onecom was evaluating a potential acquisition of CP's assets (which included an existing agreement between CP and One Inc.) and making a decision whether to purchase them.

2

19. One Inc., through its Chief Executive Officer, Chris Ewing, made numerous representations to Onecom regarding the business relationship which One Inc. would provide to Onecom if Onecom purchased the CP assets.

20. These representations were made by One Inc. through telephone calls and emails that were sent to Onecom Director, Michael Shvartsman, in Miami-Dade County, Florida.

21. Through these phone calls and email communications, Mr. Ewing specifically told Mr. Shvartsman that One Inc. would bring several insurance companies, who were clients of One Inc. to do business with Onecom if Onecom purchased the CP assets.

22. By way of example, and without limitation, Mr. Ewing represented to Mr. Shvartsman that One Inc. would bring the following insurance companies to do business with Onecom if Onecom purchased the CP assets.:

   a. ACCC Insurance Company;

   b. Canal Insurance Company;

   c. Discovery Insurance Company;

   d. Embark General Insurance Adjusters, LLC;

   e. Hippo Analytics Inc., d/b/a Hippo Insurance Services;

   f. MGA Insurance Company, Inc.; and

   g. Stillwater Insurance Company.

23. These representations were later repeated to Mr. Shvartsman by Kevin Osprander (One Inc. Vice President of Sales) and Linda Mahi (One Inc. Vice President of Client Services) through phone calls and email communications to Mr. Shvartsman in Miami-Dade County, Florida.

24. Mr. Shvartsman specifically informed Mr. Ewing, Mr. Osprander and Ms. Mahi that Onecom was not interested in purchasing the CP assets unless One Inc intended to fulfill its promises made to Mr. Shvartsman as set forth above.

3

25. Mr. Ewing, Mr. Osprander and Ms. Mahi all assured Mr. Shvartsman that if Onecom purchased the CP assets, One Inc. would enter into a new contractual agreement with Onecom and that One Inc. would provide substantial business to Onecom, resulting in Millions of Dollars in profits to Onecom.

26. Mr. Ewing, Mr. Osprander and Ms. Mahi made these representations to Onecom with the intent that Onecom rely on these representations and purchase the CP assets.

27. At the time Mr. Ewing, Mr. Osprander and Ms. Mahi made these representations to Onecom, they knew these representations to be false.

28. Mr. Ewing, Mr. Osprander and Ms. Mahi made these representations to Onecom in their capacity as officers and/or employees of One Inc.

29. Mr. Ewing, Mr. Osprander and Ms. Mahi made these representations to Onecom for the benefit of One Inc.

30. In reliance on the aforementioned representations, Onecom purchased the assets of CP on February 6, 2020 for $1,230,000.00.

31. One Inc. needed CP's Blu Box™ technology platform operational so that One Inc. could continue to benefit from use of the platform.

32. One Inc. also needed CP's Blu Box™ technology platform operational because One Inc.'s true intent behind its misrepresentations to Onecom was to continue to have access to the platform and use it to improve a competing platform, InsurPay, which, unbeknownst to Onecom, One Inc. was also working with.

33. In or around August, 2020, One Inc. acquired Invenger Technologies, Inc., a non-party.

34. In acquiring Invenger Technologies, Inc., One Inc. also acquired Invenger Technologies, Inc.'s digital claims payment platform, InsurPay (hereinafter "InsurPay").

35. One Inc. did not immediately fulfill its promises to Onecom and, instead, continually provided Onecom with assurances that it intended to do so.

36. After Onecom purchased the CP assets, One Inc. had not yet completed the development of its own platform through InsurPay and thus needed Onecom to keep CP's Blu Box™ technology platform operational for a few more months while One Inc. secretly developed its own platform or changed platforms and used the knowledge of CP's Blu Box™ technology platform to develop and improve its own platform.

37. One Inc. continued to falsely represent to Onecom that it would enter into a new contractual agreement with Onecom and that One Inc. would provide substantial business to Onecom, resulting in Millions of Dollars in profits to Onecom, and just needed Onecom to keep the Blu Box™ technology platform operational.

38. In reliance on these additional representations, which were made after Onecom purchased the CP assets, Onecom spent approximately another $900,000.00 supporting the Blu Box™ technology platform.

39. Eventually, Onecom learned in the last quarter of 2020 that One Inc. had no intention of fulfilling its promises and was, instead, going to utilize the InsurPay platform that it had purchased and modified with technology obtained from the Blu Box™ technology platform.

40. Once Onecom realized that it had been defrauded by One Inc., Onecom was forced to make the difficult decision to discontinue paying to keep the Blu Box™ technology platform operational.

## COUNT I – FRAUDULENT INDUCEMENT

41. The Plaintiff adopts and realleges paragraphs 1 through 40 above as if fully set forth herein.

42. This is a claim for fraudulent inducement against Defendant.

43. As described in detail within this Complaint, in order to induce Onecom to spend over $2 million dollars purchasing the CP assets and supporting the Blu Box™ technology platform, Defendant made knowingly false, affirmative representations and intentional omissions of material facts to Plaintiff, including, but not limited to the following:

   a. Falsely representing to Plaintiff that Defendant would sign a contract with Plaintiff if Plaintiff purchased the CP assets; and

   b. Falsely representing to Plaintiff that Defendant would bring several of its insurance company clients to do business with Onecom if Onecom purchased the CP assets; and

   c. Falsely representing to Plaintiff that the promised dealings between Onecom and One Inc. would result in millions of dollars of profits to Plaintiff; and

   d. Concealing its dealings with non-party, Invenger Technologies, Inc. and its acquisition of the InsurPay platform which was a direct competitor to the Blu Box™ technology platform.

44. These misrepresentations and omissions of material fact by Defendant were intentional.

45. These misrepresentations and omissions of material fact by Defendant were false and fraudulent when made, or, in the alternative, should have been known to Defendant to be false and fraudulent when made.

46. Defendant intended for Plaintiff to rely on these false representations and omissions.

47. Plaintiff reasonably and justifiably relied on the false representations and omissions by Defendant.

48. Plaintiff would not have purchased the assets of CP but for the intentional misrepresentations and material omissions made by Defendant.

49. Plaintiff would not have spent additional money and resources supporting CP's Blu Box™ technology platform but for the intentional misrepresentations and material omissions made by Defendant.

50. Plaintiff has suffered actual damages as a result of its reasonable, justifiable, and detrimental reliance on the false representations and omissions made by Defendant.

51. Plaintiff reserves the right to amend this Complaint to seek the recovery of punitive damages upon a proper showing in support thereof.

WHEREFORE, Onecom, LLC respectfully requests that this Court enter judgment in its favor against One Inc Software Corporation; that Onecom, LLC recover its economic damages, pre-judgment interest, costs, and such other sums permitted by law, and that Onecom, LLC be granted such other further and additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to any and all issues so triable.

Dated this 28th day of April, 2021.

By: /s/ NEIL D. KODSI
Andrew M. Feldman, Esq.
Florida Bar No.: 161969
AFeldman@FeldmanLawOffices.com
Neil D. Kodsi, Esq.
Florida Bar No.: 11255
NKodsi@FeldmanLawOffices.com
**FELDMAN LAW**
*Attorneys for Plaintiff*
9100 S. Dadeland Blvd., Ste. 1500
Miami, FL 33156
Telephone: (305) 445-2005